UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELIZABETH HARDY | CIVIL ACTION NO. 20-0132 |
| VERSUS | JUDGE DONALD E. WALTER |
| ROBERT L. WILKIE, in his Official Capacity as SECRETARY UNITED STATES DEPT. OF VETERANS AFFAIRS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by the Defendant, Robert L. Wilkie, Secretary of the United States Department of Veterans Affairs (herein "Defendant" or "the Government"). See Record Document 23.[1] Plaintiff, Elizabeth Hardy ("Hardy"), opposes the motion. See Record Document 25. For the reasons assigned herein, Defendant's motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND INFORMATION**

Hardy is a veteran who receives her medical care at the local Veterans Administration ("VA") hospital, Overton Brooks VA Medical Center. See Record Document 20 at ¶ 10. She claims that she discovered entries in her medical and ancillary records that violate the Privacy Act, 5 U.S.C. § 522a, and official VA directives. See id. After requesting access to her medical records, Hardy submitted several written requests to the VA for the amendment of certain records that allegedly contain: (1) redundant entries of highly sensitive private information; (2) the personal, non-medical opinions of her providers; and (3) offensive, inaccurate, and irrelevant

---

[1] On February 11, 2021, the Honorable Denis Richard McDonough was sworn in as the new Secretary of Veterans Affairs.

information. See id. at ¶ 12. Hardy also requested that her sensitive medical information be moved to a confidential health record. See id. She further requested that her highly sensitive information be protected from disclosure as provided for by both policy and law. See id. Hardy states that the VA initially approved her requests to amend her records. See id. at ¶ 13A. However, Hardy claims that the VA later refused to make any amendments. See id. at ¶ 14. Hardy also claims that certain employees of the VA made unauthorized disclosures of her confidential health information. See id. at ¶ 15.[2]

Hardy states that she has exhausted her administrative remedies and has received several final agency determinations denying her many requests to amend and correct her records. See id. at ¶ 16. Hardy alleges that despite her efforts to correct the situation, VA employees continue to make entries into her medical records that are irrelevant and objectionably offensive. See id. at ¶ 18. Hardy also asserts that the VA's refusal to stop the offending practices is a violation of its own official policies, and also constitutes an intentional or willful violation of her rights under the Privacy Act. See id. at ¶19.

Hardy asks the Court to make a *de novo* determination of her prior requests to amend her records, provide injunctive relief by issuing an order requiring the VA to amend her records, and award her actual damages plus costs and attorney's fees. See id. at ¶¶ 21-22. The Government moves to dismiss Hardy's claims arguing that she has (1) failed to allege any specific facts to plausibly suggest that the records she seeks to amend are inaccurate or incomplete, and (2) failed to allege any pecuniary or economic harm sustained as a result of the VA's refusal or failure to maintain any record or to comply with any other provisions of the Privacy Act. See Record Document 23-1 at 1.

---

[2] Hardy's complaint contains no additional details related to this claim, such as who allegedly disclosed her confidential health information, or to whom it was disclosed.

**LAW AND DISCUSSION**

**I.      12(b)(6) Standard**

A plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S 544, 127 S.Ct. 1955-1964-65 (2007)). The facts, taken as true, must state a claim that is plausible on its face. See Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011). "A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct[.]" Harold H. Huggins Realty, Inc., 634 F.3d at 796 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950).

**II.     Whether Plaintiff has sufficiently stated a claim under the Privacy Act**

The Privacy Act of 1975, codified in part at 5 U.S.C. § 552a, "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." FAA v. Cooper, 566 U.S. 284, 287, 132 S.Ct. 1441, 1446 (2012). The Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of

3

personal information contained in agency records … by allowing an individual to participate in ensuring that his [or her] records are accurate and properly used." Jacobs v. Nat'l Drug Intelligence Center, 423 F.3d 512, 515 (5th Cir. 2005) (quotation omitted). "The Act provides four causes of action: (1) for an agency's failure to amend an individual's record pursuant to his [or her] request; (2) for an agency's denial of access to an individual's records; (3) for an agency's failure to maintain an individual's records with accuracy, relevance, timeliness, and completeness; and (4) for an agency's failure to comply with other Privacy Act provisions, which has an adverse effect on the individual." Id. (internal quotations omitted); 5 U.S.C. § 552a(d); 5 U.S.C. § 552a(g)(1)(A), (B), (C), and (D). The remedy available to a plaintiff is dependent upon which cause of action is pursued. See Jacobs, 423 F.3d at 515. The first two causes of actions listed above provide injunctive relief as well as attorney's fees and costs if the plaintiff has "substantially prevailed." Id. (citing 5 U.S.C. § 552a(g)(2) and (3)). The latter two allow for the recovery of actual damages, attorney's fees and costs, but only if the plaintiff proves that the government agency acted intentionally or willfully. See id. at 515-16 (citing 5 U.S.C. § 552a(g)(4)).

    **A.    Plaintiff's claim for amendment to her medical records**

Hardy alleges that the VA has refused her requests to (1) amend certain medical records to move highly sensitive medical information to a confidential section of her medical file, and (2) remove redundant entries, non-medical opinions of certain providers, and "offensive, inaccurate, and irrelevant" information. See Record Document 20 at ¶¶ 11-13. As noted above, the Privacy Act provides a civil remedy whenever an agency makes a determination not to amend an individual's record in accordance with her request. See 5 U.S.C. § 522a(g)(1)(A). After a *de novo* review, a court may provide injunctive relief by ordering the agency to amend the record in

4

accordance with individual's wishes or in some other manner, and assess reasonable attorney's fees and litigation costs.  See 5 U.S.C. § 522a(2)(A) and (B).

The Government contends that Hardy has failed to assert a proper claim under this section because she has failed "to sufficiently allege specific facts that would raise a right to relief above a speculative level."  See Record Document 23-1 at 8.  The Government notes that Hardy has provided no details regarding the VA's decisions not to honor her requests to amend her records, nor has she identified any specific factual or historical errors contained in her records.  See id.  As such, the Government argues that Hardy's claim must be dismissed because it consists of mere "labels and conclusions" and "naked assertions" that are devoid of "further factual enhancement."  See id.

Hardy opposes the motion, arguing that the Government's interpretation of the pleading requirements would require her to "make public … exactly what she seeks to remain private in her medical records."  See Record Document 25 at 3.  Hardy notes that her Amended Complaint specifically references the case number of each of the VA's final determinations denying her many requests to amend her medical records, which she argues is sufficient to place the Government on notice of her specific complaints.  See id. at 3; Record Document 20 at ¶ 16.

The Court agrees with the Plaintiff.   A proper pleading must provide fair notice of the plaintiff's claim to the defendant as well as factual allegations that rise above mere speculation.  See Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.  Hardy's reference to specific case numbers of her VA administrative appeals, which are presumably maintained in the control of the VA, should be more than sufficient to provide the Government with fair notice of her claims.   While Plaintiff's complaint does not contain the precise information in her medical records at issue due to privacy concerns, she does indicate that the records allegedly contain inaccurate and/or

irrelevant information. Taking this information as true, the Court finds that this is sufficient to state a claim under the facts of this case. If Hardy's medial records contain inaccurate information, which the VA refuses to amend, this raises a plausible claim for relief under the Privacy Act.

The Government also contends that Hardy's claim regarding the amendment of her medical records must be dismissed because "the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, nor the opinions behind that administrative decision, no matter how contestable the conclusions may be." See Record Document 23-1 at 6 (quoting Sweeney v. Chertoff, 178 F. App'x. 354, 357 n.3 (5th Cir. 2006)); Record Document 26 at 3-6. The Court cannot make such a determination without the benefit of examining the records in question or conducting a *de novo* review as provided under section 522a(g)(1)(A). Dismissal on such grounds would be premature at this stage of the litigation. The Government may ultimately be correct that Hardy's records do not contain information subject to amendment, but the Court must first review the records in question to make such a determination.

### B. Plaintiff's claim for monetary damages

The Government also moves to dismiss Hardy's claims for monetary damages resulting from its alleged violations of the Privacy Act. See Record Document 23-1 at 8-9. The Privacy Act provides the opportunity to recover actual damages for claims arising under the following circumstances: (1) if the agency has failed to properly maintain accurate records necessary for the determination of certain benefits, which resulted in a determination adverse to the individual, or (2) the agency has failed to comply with the Act or any rule promulgated thereunder, which has an adverse effect on the individual. See 5 U.S.C. § 522a(g)(1)(C) or (D). Actual damages

may only be awarded if the agency acted in a manner that was intentional or willful. See 5 U.S.C. § 522a(g)(4)(A). Hardy has alleged that the VA violated section 522(a)(g)(1)(D) in two ways: (1) by failing to follow its own policies and procedures; and (2) by the unauthorized disclosure of her protected health information. See Record Document 20 at ¶¶ 15, 19.[3]

The Government argues that Hardy has failed to properly state a claim for damages under sections 522a(g)(1)(C) or (D) because she has not alleged any actual pecuniary or economic harm resulting from the VA's alleged refusal or failure to properly maintain any record or to comply with any other provisions of the Privacy Act. See Record Document 23-1 at 9. To recover actual damages a plaintiff must demonstrate "proven pecuniary or economic harm." See Coleman v. United States, 912 F.3d 824, 836 (5th Cir. 2019) (quoting FAA v. Cooper, 566 U.S. at 299, 132 S. Ct. 1453). The Government notes that although Plaintiff has alleged "actual damages" in her complaint, she has failed to set forth any of her pecuniary losses. See Record Document 23-1 at 9.

Plaintiff responds that she has not yet resorted to private psychological medical care because doing so will cause her anxiety, which is one of the underlying causes of her disability. See Record Document 25 at 3. However, Plaintiff indicates that she is aware that she may have to seek private psychological services in order to establish actual damages. See id. Plaintiff also argues that her attorney's fees should be included in the amount of actual damages she has suffered. See id. (citing Doe v. Chao, 435 F.3d 492 (4th Cir. 2006)).

The Court finds that Plaintiff has failed to properly state a claim for actual damages pursuant to Sections 522a(g)(1)(C) or (D). The Government is correct that Hardy has failed to

---

[3] Section 522a(g)(1)(D) acts as a "catch-all" provision for situations not specifically mentioned in the Act, by allowing a civil remedy whenever the agency "fails to comply with any provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual[]." See 5 U.S.C. § 522(g)(1)(D).

set forth any actual pecuniary loss, which is a necessary element of the claim. See <u>Gause v. United States Dep't of Def.</u>, 676 F. App'x 316, 318 (5th Cir. 2017) (citing <u>Doe v. Chao</u>, 540 U.S. 614, 627, 124 S.Ct. 1204 (2004)). Plaintiff's statement that she may need to establish actual damages by seeing a private psychologist does not cure the deficiency with her complaint. Second, and most importantly, it is firmly established that damages based on mental or emotional distress are not authorized because the Privacy Act does not waive the Federal Government's sovereign immunity from liability for such harms. See <u>FAA v. Cooper</u>, 566 U.S. at 299, 132 S.Ct. 1453. As to Plaintiff's argument that her attorney fees should be considered actual damages, the Court disagrees. The Fifth Circuit has found that a properly stated claim under section 522 a(g)(1)(C) or (D) requires actual damages from an "injury-in fact" above and beyond attorney's fees or expenses. See <u>Sweeney v. Chertoff</u>, 178 F. App'x at 357; <u>Gause</u>, 676 F. App'x at 316.

## CONCLUSION

Based on the foregoing, the Government's Motion to Dismiss (Record Document 23) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Government's motion is granted as to Plaintiff's claims pursuant 5 U.S.C. § 522a(g)(1)(C) and (D), which are **DISMISSED**. The Government's motion is denied as to Plaintiff's claim for the amendment of her medical records pursuant to section 522a(g)(1)(A). An order consistent with this ruling shall issue forthwith.

**THUS DONE AND SIGNED**, this 30th day of April, 2021.

*[signature: Donald E. Walter]*

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE